Filed 6/14/24  P. v. Sands CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>PHILIP LEO SANDS,<br><br>          Defendant and Appellant. | A169369<br><br><br>(San Francisco City & County Super. Ct. Nos. SCN195209, CT2131939) |

Philip Leo Sands appeals from an order denying his petition for resentencing (Pen. Code, § 1172.6).[1]  His appointed counsel on appeal filed a brief raising no issues, but seeking our independent review of the record, pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, 230, 232.  After reviewing Sands's supplemental brief, we affirm.  Sands is ineligible for resentencing as a matter of law.

### BACKGROUND

#### A.

Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), effective January 1, 2019, changed the law relating to accomplice liability for murder to better align punishment with individual culpability.  (Stats. 2018, ch. 1015, § 1(b), (f).)  To that

---

[1] All undesignated statutory references are to the Penal Code.

1

end, Senate Bill 1437 eliminated the natural and probable consequences doctrine as to murder and narrowed the felony-murder exception to the malice requirement. (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 862.)

Specifically, Senate Bill 1437 amended section 189, which defines the degrees of murder, to limit murder liability based on felony murder or a natural and probable consequences theory to a person who: (1) was an actual killer; (2) aided and abetted the killer with the intent to kill; or (3) was a major participant in the underlying felony and acted with reckless indifference to human life, as those terms are used in the statute defining felony-murder special circumstances. (§ 189, subd. (e); Stats. 2018, ch. 1015, § 3; accord, *People v. Strong* (2022) 13 Cal.5th 698, 707-708 (*Strong*).) The definition of malice in section 188 was also amended to provide that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.)

As a result of these amendments and later Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2, eff. January 1, 2022), a person convicted of murder, attempted murder, or manslaughter before Senate Bill 1437 may seek retroactive relief by filing a petition in the trial court alleging that (1) the information or indictment allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or any other theory under which malice is imputed based solely on the defendant's participation in a crime; and (2) the petitioner could not be convicted of murder or attempted murder under current law. (§ 1172.6, subd. (a), renumbered from § 1170.95 by Assem. Bill No. 200 (2021-2022 Reg. Sess.), Stats. 2022, ch. 58, § 10, eff. June 30, 2022; *People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*).)

If the petition includes a declaration of eligibility, the trial court must appoint counsel (if requested), receive briefing from

2

the parties, and then determine whether the petitioner has made a "prima facie case for relief." (§ 1172.6, subds. (b)(3), (c); *Lewis, supra*, 11 Cal.5th at pp. 960, 966.) If so, then the court must issue an order to show cause and hold an evidentiary hearing—where the burden is on the prosecution to prove (beyond a reasonable doubt) that the petitioner is ineligible for relief because they are guilty of murder under the law as amended by Senate Bill 1437. (§ 1172.6, subds. (c)-(d); *Strong, supra*, 13 Cal.5th at p. 709; *Lewis*, at p. 960.) On the other hand, if the petition and record of conviction establish conclusively that the petitioner is ineligible for relief, the trial court may dismiss the petition. (See § 1172.6, subd. (c); *Lewis*, at pp. 970-972.)

**B.**

In 2001, Sands stabbed Robin Clarke, inflicting life-threatening injuries. Robert Ramirez witnessed the stabbing. When Sands was charged, Ramirez was ordered to return to court to testify. In 2003, after Sands posted bail, he killed Ramirez by firing a machine gun at him at least 30 times while Ramirez sat in a parked car.

In 2005, a jury convicted Sands of first degree murder (§ 187, subd. (a)) of Ramirez, assault with a machine gun (§ 245, subd. (a)(3)) against another victim who was asleep in the same parked car, shooting at an occupied vehicle (§ 246), unlawful possession and transportation of a machine gun (former § 12220), and other charges involving Clarke that are not relevant here. The jury also found true a special circumstance allegation that Sands intentionally killed a witness to prevent them from testifying (§ 190.2, subd. (a)(10)) and an enhancement allegation that Sands personally and intentionally discharged a firearm, which caused Ramirez's death (§ 12022.53, subd. (d)).

The trial court sentenced Sands to a prison term of life without the possibility of parole, plus an additional indeterminate term of 25 years to life. On direct appeal, this

Division affirmed the judgment. (*People v. Sands* (Oct. 31, 2008, A112684) [nonpub. opn.].)

## C.

In 2022, Sands petitioned for resentencing in the superior court. He requested the appointment of counsel and included a declaration stating that an information had been filed against him that allowed the prosecution to proceed under felony murder or natural and probable consequences theories, and he could not now be convicted of murder because of the 2019 amendments to sections 188 and 189.

After appointing counsel and reviewing the record of conviction, the superior court denied Sands's petition, concluding that he is ineligible for resentencing because the jury was not instructed on felony murder, the natural and probable consequences doctrine, or any other theory under which malice could be imputed to Sands based solely on his participation in a crime and because the personal and intentional discharge finding made clear he was convicted as Ramirez's actual killer.

## DISCUSSION

After Sands's appointed counsel on appeal filed a brief raising no issues, Sands submitted a letter in which he argued that the superior court improperly relied on the jury's firearm enhancement (§ 12022.53, subd. (d)) finding; that the absence of instructions on felony murder or natural and probable consequences murder does not preclude resentencing relief; and that the People did not meet their burden to show he is guilty of murder under current law. He is wrong.

Here, the jury was not instructed on felony murder, the natural and probable consequences doctrine, or any other theory under which malice could be imputed to Sands based solely on his participation in a crime. There is no evidence Sands was one of multiple perpetrators. Accordingly, the record of conviction—

4

including the jury's firearm enhancement finding that Sands *personally* and intentionally discharged a firearm causing Ramirez's death and the jury's special circumstance finding that Ramirez was *intentionally* killed to prevent him from testifying— establishes that Sands was convicted based on his own express malice (not imputed malice).

In other words, Sands was the actual killer, the killing was intentional, and resentencing under section 1172.6 is therefore unavailable. (See *Strong, supra,* 13 Cal.5th at p. 710; *People v. Williams* (2022) 86 Cal.App.5th 1244, 1258-1259 [special circumstance finding on allegation that required intent to kill made defendant ineligible for resentencing]; *People v. Romero* (2022) 80 Cal.App.5th 145, 152 ["a petitioner is ineligible for resentencing if he or she was the actual killer, acted with the intent to kill or malice aforethought, or was a major participant . . . who acted with reckless indifference to human life"].)

Sands is correct that an enhancement under section 12022.53, subdivision (d), "on its own" is not determinative of a resentencing petition because it does not show the defendant acted with malice aforethought. (*People v. Offley* (2020) 48 Cal.App.5th 588, 597-598 (*Offley*).) But *Offley* is plainly distinguishable in that it involved a shooting by multiple gang members and the jury *had* been instructed on the natural and probable consequences doctrine. (*Id.* at pp. 592-593.) The court explained that, in other cases, "additional information from the record will establish that a defendant's conviction was not based on the natural and probable consequences doctrine, and that the jury must have convicted the defendant on the basis of his own malice aforethought." (*Id.* at p. 599.)

This is such a case. Here, the jury's implicit findings that Sands *personally* discharged a firearm *and intended* to kill Ramirez distinguish this case from both *Offley, supra,* 48

5

Cal.App.5th at pages 597-598 and *People v. Maldonado* (2023) 87 Cal.App.5th 1257, 1262 & fn. 3.

## DISPOSITION

The order denying the resentencing petition is affirmed.

BURNS, J.

WE CONCUR:

SIMONS, ACTING P. J.
CHOU, J.

*P. v. Sands (A169369)*